ROBERTA L. STEELE, REGIONAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
450 GOLDEN GATE AVENUE
5 WEST P.O. BOX 36025
SAN FRANCISCO, CALIFORNIA 94102

John F. Stanley, Supervisory Trial Attorney
Damien A. Lee, Senior Trial Attorney
Equal Employment Opportunity Commission
909 First Avenue, Suite 400
Seattle, WA 98104
Damien.Lee@EEOC.gov
Tel:  (206) 220-6915
Fax: (206) 220-6911

Attorneys for Plaintiff EEOC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff<br><br>    v.<br><br>THE CHEESECAKE FACTORY, INC. and THE CHEESECAKE FACTORY RESTAURANTS, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA" and "ADAAA") to correct unlawful employment practices on the basis of disability and to provide

**COMPLAINT- Page 1**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

appropriate relief to Oleg Ivanov, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that The Cheesecake Factory, Inc. ("CFI") and its wholly owned subsidiary The Cheesecake Factory Restaurants, Inc. ("CFRI," and collectively, "Defendants") discriminated against Mr. Ivanov, a qualified individual with a disability, when they: (1) denied him a reasonable accommodation of his physical disability by not providing an American Sign Language ("ASL") interpreter or close captioned videos for orientation training or during disciplinary meetings ("reasonable accommodation"); (2) adversely affected the terms and conditions of his employment by disciplining him and firing him because of his physical disability ("disparate treatment"); and (3) fired him from his part-time dish washer job in retaliation for his requesting a reasonable accommodation ("retaliation").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA,

**COMPLAINT- Page 2**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1).

4. At all relevant times, Defendant The Cheesecake Factory Restaurants, Inc. ("Defendant CFRI") has been a California corporation, doing business in the State of Washington and the city of Seattle.

5. At all relevant times, Defendant The Cheesecake Factory, Inc. ("Defendant CFI") has been a California corporation, doing business in the State of Washington and the city of Seattle.

6. On information and belief, Defendant CFRI has had at least fifteen (15) employees on a continual basis at all relevant times.

7. On information and belief, Defendant CFI has had at least fifteen (15) employees on a continual basis at all relevant times.

8. On information and belief, the two Defendants named in this action have operated as an integrated business enterprise, and each Defendant had had at least fifteen (15) employees on a continual basis.

9. Facts establishing the existence of an integrated business enterprise include, but are not limited to, the following:

    a. Defendant CFRI is a wholly owned subsidiary of Defendant CFI;

    b. Defendants share a common physical address, 26901 Malibu Hills Rd, Calabasas Hills, California, 91301;

    c. Defendants share a common mailing address, 26901 Malibu Hills Rd, Calabasas Hills, California, 91301;

COMPLAINT- Page 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

d. Defendants' operations are interrelated as Defendants operate out of the same facility and on information and belief share employees;

e. On information and belief, Defendant CFI owns over 170 restaurants and operates them with Defendant CFRI;

f. On information and belief, Defendants have common financial control;

g. At all relevant times, Defendants shared common management; and

h. Centralized control of labor for Defendants rests with Defendant CFI.

10. At all relevant times, each Defendant named in this action has continuously been an employer engaged in an industry affecting commerce individually or, alternatively, as an integrated enterprise, under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

11. At all relevant times, each Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

12. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Oleg Ivanov ("Mr. Ivanov") filed Charge No. 551-2014-01780 with the EEOC alleging violations of Title I of the ADA by The Cheesecake Factory.  Parent and co-Defendant CFI responded to Mr. Ivanov's EEOC charge on behalf of its subsidiary CFRI.  The EEOC issued Defendants a Letter of Determination on April 22, 2016 finding reasonable cause to believe the ADA was violated with regard to Mr. Ivanov, and invited Defendants to explore informal methods of conciliation to eliminate the unlawful employment practices and to provide

COMPLAINT- Page 4

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

appropriate relief. The EEOC then communicated with Defendants to describe appropriate remedies for the discriminatory practices described in the EEOC's Letter of Determination. The EEOC was unable to secure a conciliation agreement from Defendants that was acceptable to the Commission. On June 14, 2016, the EEOC issued a Notice of Failure of Conciliation to Defendant CFRI.

13. On October 25, 2016, the EEOC notified Defendants that it was re-opening conciliation in order to present a corrected calculation of monetary relief. The EEOC then sent a revised conciliation demand to both Defendants on November 15, 2016. Despite a second opportunity to conciliate this matter, the EEOC was unable to secure a conciliation agreement that was acceptable to the Commission. The EEOC notified Defendants that the reopened conciliation had failed on December 12, 2016. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least June 26, 2014, Defendants have engaged in unlawful employment practices individually or, alternatively, as an integrated enterprise in violation of Sections 102(a) and 102(b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5), and Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a). Defendants discriminated against Oleg Ivanov, a qualified individual with a disability: (1) when they failed to provide a reasonable accommodation to him in the form of an ASL interpreter for his initial job interview on June 26, 2014 and other subsequent work meetings, and closed captioning for training videos; (2) by adversely affecting the terms and conditions of his employment when they disciplined him for time/attendance issues when he had not been adequately trained on Defendants' time-keeping

**COMPLAINT- Page 5**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

and scheduling tools with an ASL interpreter and/or by closed captioned training videos, which contributed to his termination; and (3) firing him from his part time dish washer job at Defendants' Seattle, Washington restaurant on September 10, 2014 because of his disability and in retaliation for his requesting an accommodation of his hearing impairment.

15.     Mr. Ivanov is an individual with a disability and has a record of a disability.  He was born deaf.  This permanent impairment to his special sense organs substantially limits several of Mr. Ivanov's major life activities including "hearing" and "communicating."  Mr. Ivanov applied for a part-time dish washer job with Defendants in June 2014 at its downtown Seattle restaurant.  Defendants had actual notice that Mr. Ivanov was deaf and needed an ASL interpreter at his June 26, 2014 interview, but did not provide an ASL interpreter as he requested.  Instead of providing an ASL interpreter at his June 26, 2014 interview, Defendants required Mr. Ivanov to read hand-written interview questions and hand write his responses.  Defendants also did not provide an ASL interpreter for any other meeting with Mr. Ivanov after he started working for Defendants on July 7, 2014, and required him to watch training/orientation videos that did not have closed captioning.  Therefore, Defendants did not train Mr. Ivanov to check his assigned work schedule like other non-deaf employees, which changed frequently without adequate advance notice.  Despite the foregoing, Mr. Ivanov was a qualified individual with a disability because Defendants offered him a part-time dish washer job shortly after his June 26, 2014 interview, and because he performed in the part-time dish washer job from July 7, 2016 to September 10, 2016 without any criticism of his actual job performance.

16.     Starting in July 2014, certain managers of Defendants began to criticize Mr. Ivanov's attendance record even though he was not adequately trained with an ASL interpreter

**COMPLAINT- Page 6**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

on how to check his weekly work schedule and how to use the time keeping machine. Despite Defendants' refusal to train Mr. Ivanov with an ASL interpreter and his request that his part-time schedule remain regular, Defendants' managers sent him home on September 6-7, 2014, effectively suspending him, when he did not appear for a previously unscheduled shift on September 5, 2014. Defendants' managers then met with Mr. Ivanov on September 10, 2014, without an ASL interpreter, to criticize him for failing to work on Friday, September 5, 2014. When Mr. Ivanov reiterated his request for an ASL interpreter, Defendants fired him from this part-time dish washer job.

17. The effect of the practices complained of in paragraphs 14-16 above has been to deprive Mr. Ivanov of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

18. The unlawful employment practices complained of in paragraphs 14-16 were and are intentional.

19. The unlawful employment practices complained of in paragraphs 14-16 above were done with malice or with reckless indifference to the federally protected rights of Oleg Ivanov.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from unlawfully failing to provide equal employment opportunities to employees with disabilities and to accommodate employees' disabilities, and any other employment practice which discriminates

COMPLAINT- Page 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Oleg Ivanov by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make whole Oleg Ivanov by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-16 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E. Order Defendants to make whole Oleg Ivanov by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 14-16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Oleg Ivanov punitive damages for its malicious and reckless conduct, as described in paragraphs 14-16 above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

/ / /

/ / /

**COMPLAINT- Page 8**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 20th day of December, 2016.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | JAMES L. LEE<br>Acting General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| DAMIEN A. LEE<br>Senior Trial Attorney | |

BY:  *s/ Roberta L. Steele*
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 First Avenue, Suite 400                    Office of the General Counsel
Seattle, WA  98104-1061                        131 "M" Street NE
Telephone (206) 220-6915                       Washington, D.C. 20507
Facsimile (206) 220-6911

Attorneys for Plaintiff EEOC

COMPLAINT- Page 9

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882