**THE HONORABLE JAMES L. ROBART**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE CHEESECAKE FACTORY, INC. and THE CHEESECAKE FACTORY RESTAURANTS, INC.,<br><br>Defendants. | CASE NO. 2:16-cv-01942-JLR<br><br>**STIPULATED PROTECTIVE ORDER** |

18  1.   PURPOSES AND LIMITATIONS

19   Discovery in this action is likely to involve production of confidential, proprietary, or

20  private information for which special protection may be warranted. Accordingly, the parties

21  hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

22  parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

23  protection on all disclosures or responses to discovery, the protection it affords from public

24  disclosure and use extends only to the limited information or items that are entitled to

25  confidential treatment under the applicable legal principles, and it does not presumptively entitle

26  parties to file confidential information under seal.

1   2.   "CONFIDENTIAL" MATERIAL

2   "Confidential" material shall include the following documents and tangible things

3   produced whether by voluntary or compelled production or disclosure or in response to any

4   formal discovery procedure or otherwise exchanged:

5       a.       Medical records and healthcare information pertaining to Charging Party

6                 Oleg R. Ivanov, *e.g.*, EEOOC 00008-81.

7       b.       Confidential policies and training materials maintained by the Defendants.

8       c.       Proprietary, trade secret, and other confidential business information of a

9                 party or party's affiliate, vendor, or customer, including but not limited to

10                information relating to finances, business planning, valuations, pricing, or

11                business strategy.

12      d.       Private personnel information and materials related to nonparties, including

13                but not limited to personnel records, social security numbers, dates of birth,

14                and personal financial information.

15      e.       Any other documents or information identified by Local Civil Rule 5.2.

16

17

18  3.   SCOPE

19  The protections conferred by this agreement cover not only confidential material (as

20  defined above), but also (1) any information copied or extracted from confidential material; (2)

21  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

22  conversations, or presentations by parties or their counsel that might reveal confidential material.

23  However, the protections conferred by this agreement do not cover information that is in

24  the public domain or becomes part of the public domain through trial or otherwise.

25  4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

26

STIPULATED PROTECTIVE ORDER (2:16-cv01942-JLR)

1    4.1    Basic Principles. A receiving party may use confidential material that is disclosed
2  or produced by another party or by a non-party in connection with this case only for prosecuting,
3  defending, or attempting to settle this litigation. Confidential material may be disclosed only to
4  the categories of persons and under the conditions described in this agreement. Confidential
5  material must be stored and maintained by a receiving party at a location and in a secure manner
6  that ensures that access is limited to the persons authorized under this agreement.

7    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
8  ordered by the court or permitted in writing by the designating party, a receiving party may
9  disclose any confidential material only to:

10    (a)    the receiving party's counsel of record in this action, as well as employees
11  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

12    (b)    the officers, directors, and employees (including in house counsel) of the
13  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties
14  agree that a particular document or material produced is for Attorney's Eyes Only and is so
15  designated;

16    (c)    experts and consultants to whom disclosure is reasonably necessary for
17  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
18  A);

19    (d)    the court, court personnel, and court reporters and their staff;

20    (e)    copy or imaging services retained by counsel to assist in the duplication of
21  confidential material, provided that counsel for the party retaining the copy or imaging service
22  instructs the service not to disclose any confidential material to third parties and to immediately
23  return all originals and copies of any confidential material;

24    (f)    during their depositions, witnesses in the action to whom disclosure is
25  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
26  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

1  transcribed deposition testimony or exhibits to depositions that reveal confidential material must
2  be separately bound by the court reporter and may not be disclosed to anyone except as permitted
3  under this agreement;

4         (g)   the author or recipient of a document containing the information or a
5  custodian or other person who otherwise possessed or knew the information;

6         (h)   Any mediator that the parties have jointly designated for purposes of
7  attempting to resolve this case; and

8         (i)   Any other individual agreed to in writing by the designating party.

9     4.3   Filing Confidential Material. Before filing confidential material or discussing or
10 referencing such material in court filings, the filing party shall confer with the designating party
11 to determine whether the designating party will remove the confidential designation, whether the
12 document can be redacted, or whether a motion to seal or stipulation and proposed order is
13 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
14 standards that will be applied when a party seeks permission from the court to file material under
15 seal

16 5.   DESIGNATING PROTECTED MATERIAL

17    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party
18 or non-party that designates information or items for protection under this agreement must take
19 care to limit any such designation to specific material that qualifies under the appropriate
20 standards. The designating party must designate for protection only those parts of material,
21 documents, items, or oral or written communications that qualify, so that other portions of the
22 material, documents, items, or communications for which protection is not warranted are not
23 swept unjustifiably within the ambit of this agreement.

24    Mass, indiscriminate, or routinized designations are prohibited. Designations that are
25 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
26

1   unnecessarily encumber or delay the case development process or to impose unnecessary
2   expenses and burdens on other parties) expose the designating party to sanctions.

3          If it comes to a designating party's attention that information or items that it designated
4   for protection do not qualify for protection, the designating party must promptly notify all other
5   parties that it is withdrawing the mistaken designation.

6          5.2     Manner and Timing of Designations. Except as otherwise provided in this
7   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
8   ordered, disclosure or discovery material that qualifies for protection under this agreement must
9   be clearly so designated before or when the material is disclosed or produced.

10          (a)     Information in documentary form: (*e.g.*, paper or electronic documents
11   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
12   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that
13   contains confidential material. If only a portion or portions of the material on a page qualifies for
14   protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by
15   making appropriate markings in the margins).

16          (b)     Testimony given in deposition or in other pretrial proceedings: the parties
17   and any participating non-parties must identify on the record, during the deposition or other
18   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other
19   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after
20   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
21   transcript, or exhibits thereto, as confidential.   If a party or non-party desires to protect
22   confidential information at trial, the issue should be addressed during the pre-trial conference.

23          (c)     Other tangible items: the producing party must affix in a prominent place
24   on the exterior of the container or containers in which the information or item is stored the word
25   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
26   the producing party, to the extent practicable, shall identify the protected portion(s).

1    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
2    designate qualified information or items does not, standing alone, waive the designating party's
3    right to secure protection under this agreement for such material. Upon timely correction of a
4    designation, the receiving party must make reasonable efforts to ensure that the material is
5    treated in accordance with the provisions of this agreement.

6    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7    6.1    Timing of Challenges. Any party or non-party may challenge a designation of
8    confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
9    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
10   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
11   challenge a confidentiality designation by electing not to mount a challenge promptly after the
12   original designation is disclosed.

13   6.2    Meet and Confer. The parties must make every attempt to resolve any dispute
14   regarding confidential designations without court involvement. Any motion regarding
15   confidential designations or for a protective order must include a certification, in the motion or in
16   a declaration or affidavit, that the movant has engaged in a good faith meet and confer
17   conference with other affected parties in an effort to resolve the dispute without court action. The
18   certification must list the date, manner, and participants to the conference. A good faith effort to
19   confer requires a face-to-face meeting or a telephone conference.

20   6.3    Judicial Intervention. If the parties cannot resolve a challenge without court
21   intervention, the designating party may file and serve a motion to retain confidentiality under
22   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
23   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
24   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on
25   other parties) may expose the challenging party to sanctions. All parties shall continue to
26   maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

1  order or agreement that provides for production without prior privilege review. The parties

2  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

3  10.     NON TERMINATION AND RETURN OF DOCUMENTS

4          Within 60 days after the termination of this action, including all appeals, each receiving

5  party must return all confidential material to the producing party, including all copies, extracts

6  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

7  destruction.

8          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

10  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

11  work product, even if such materials contain confidential material.

12          The confidentiality obligations imposed by this agreement shall remain in effect until a

13  designating party agrees otherwise in writing or a court orders otherwise.  Nothing in this

14  Protective Order shall be interpreted as limiting or overriding the EEOC's obligation to maintain

15  copies of files pursuant to the Federal Records Act.

16

17                    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18  DATED: July 6, 2017                          /s/ Damien A. Lee
                                                 EEOC-Seattle Field Office
19                                               909 First Avenue, Suite 400
                                                 Seattle, WA  98104-1061
20                                               Telephone (206) 220-6915
                                                 Facsimile (206) 220-6911
21

22                                               Attorneys for Plaintiff

23  DATED:  July 6, 2017                         /s/ Joseph P. Hoag
                                                 Davis Wright Tremaine LLP
24                                               1201 Third Avenue, Suite 2200
                                                 Seattle, Washington  98101-3045
25                                               Telephone (206) 757-8299
26

STIPULATED PROTECTIVE ORDER (2:16-cv01942-JLR)

Facsimile (206) 757-7299

Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: 10 July 2017

The Honorable James L. Robart
United States District Court Judge

STIPULATED PROTECTIVE ORDER (2:16-cv01942-JLR)

1

### EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4      _____ [print or type full address], declare under penalty of

5      perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6      issued by the United States District Court for the Western District of Washington on [date] in the

7      case of _____ **[insert formal name of the case and the number and initials**

8      **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

9      Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10     expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11     not disclose in any manner any information or item that is subject to this Stipulated Protective

12     Order to any person or entity except in strict compliance with the provisions of this Order.

13     I further agree to submit to the jurisdiction of the United States District Court for the

14     Western District of Washington for the purpose of enforcing the terms of this Stipulated

15     Protective Order, even if such enforcement proceedings occur after termination of this action.

16     Date: _____

17     City and State where sworn and signed: _____

18     Printed name: _____

19     Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER (2:16-cv01942-JLR)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2017, I electronically filed the forgoing "STIPULATED

PROTECTIVE ORDER" with the Clerk of the court using the CM/ECF system which will send

notification of such filing to all counsel of record.

Portia Moore
Joe Wonderly
Joseph P. Hoag
Davis Wright Tremaine, LLP
1201 Third Avenue, Suite 2200
Seattle, WA   98101
Teleph. (206) 757-8286
Fax (206) 757-7286
PortiaMoore@dwt.com
JoeWonderly@dwt.com
Josephhoag@dwt.com

Attorneys for Defendants


/s/ · Damien A. Lee
DAMIEN A. LEE
Senior Trial Attorney

STIPULATED PROTECTIVE ORDER (2:16-cv01942-JLR)