UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE CHEESECAKE FACTORY, INC., et al.,<br><br>Defendants. | CASE NO. C16-1942JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") motion for reconsideration of the court's September 6, 2017, order related to certain discovery disputes. (*See* MFR (Dkt. # 42); 9/6/17 Order (Dkt. # 39).) The court has considered the EEOC's motion, its prior order, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the EEOC's motion.

Motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new

facts or legal authority which could not have been brought to the attention of the court earlier through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). Here, the EEOC has failed to make either showing.

In its opening paragraph, the EEOC mischaracterizes the court's ruling. The EEOC states that the court ruled that Mr. Oleg Ivanov had "put all of his non-hearing medical records and information at issue from January 2010 to the present" and that he had waived his psychotherapist-patient privilege if the record or information "also refers to a non-psychological condition of Mr. Ivanov." (MTR at 1-2 (citing 9/6/17 Order at 19, n.12 & 26:3-8).) Again, on page five of its memorandum, the EEOC incorrectly states that the court ruled that Mr. Ivanov had placed "his entire non-hearing impairment medical history at issue." (*Id.* at 5.) The court's ruling was not so broad.

In fact, the court does not require Mr. Ivanov to produce all of his medical records, as the EEOC suggests, but rather only those medical records and/or mental health records that "relate to either Mr. Ivanov's hearing impairment or any other condition *that constitutes a disability* from January 1, 2010, to the present."[1] (9/6/17 Order at 26 (italics added).) Medical records of Mr. Ivanov's hearing impairment are relevant to his Americans with Disabilities Act ("ADA") claims in this proceeding and to Defendants' defenses. (*See id.* 17-19.) Thus, the EEOC placed these records at issue when it filed its action on Mr. Ivanov's behalf. (*Id.*) In addition, there is evidence in the record of an undisclosed disability. (*See id.* at 18-19 (citing evidence in the record).) As the court

---

[1] The court further temporally limited its order to only those records from January 1, 2010 to the present. (9/6/17 Order at 26.)

explained, Defendants are entitled to discover information related to this undisclosed disability (whether physical or psychological in nature) because it is relevant to their defense to Mr. Ivanov's claims and Mr. Ivanov has placed this information at issue by virtue of the substance of his ADA claims. (*Id.* at 17-19.) The court has not ordered the EEOC to produce any of Mr. Ivanov's medical or mental health records related to illnesses, injuries, or other conditions that do not constitute a disability.

The EEOC relies upon *Lahrichi v. Lumera Corp.*, No. C04-2124C, 2005 WL 2898145 (W.D. Wash. Nov. 1, 2005), but that case does not support reconsideration of the court's order. (*See* MTR at 2-5.) The *Lahrichi* court found that medical records unrelated to the plaintiff's damages claim were not discoverable because the plaintiff had "not claimed . . . that his past PTSD or any other psychological condition was exacerbated." *Id.* at *3. Nevertheless, the *Lahrichi* court found that the plaintiff had waived his psychotherapist-patient privilege "as to PTSD and other psychological treatment records necessary to the evaluation of the involuntary movement disorder exacerbation claim, because such claim renders that disorder squarely at issue in this case." 2005 WL 2898145, at *3. Similarly, Mr. Ivanov waived his medical privacy rights and his psychotherapist-patient privilege as to records related to his hearing impairment and any undisclosed disability (whether physical or psychological in nature)—not by virtue of his claim for garden variety emotional distress damages—but because he placed his disability or disabilities at issue due to the substance of his claims under the ADA. (*See* 9/6/17 Order at 17-19.) Further, as noted above, there is specific evidence in the record of an undisclosed disability that impacted Mr. Ivanov's ability to

work fulltime.[2] (*See id.* at 18-19 (citing 7/20/17 Hoag Decl. ¶ 5, Exs. C, D; 7/31/17 Hoag Decl. ¶ 9, Ex. 5).) Defendants are entitled to discover Mr. Ivanov's medical and/or psychological records related to both his hearing impairment and any undisclosed disabilities—either physical or psychological—as more specifically described by the court in its September 6, 2017, order.

Accordingly, the court DENIES the EEOC's motion for reconsideration (Dkt. # 42) of its September 6, 2017, order.[3]

Dated this 19th day of September, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The EEOC also relies on *Uhler v. Van Cleave*, No. C16-1278RSM, 2017 WL 553276 (W.D. Wash. Feb. 10, 2017) (*see* MTR at 5), but the court's decision is consistent with that case as well. In *Uhler*, the court declined to allow discovery into the plaintiffs' psychological, social or psychiatric conditions, or substance abuse records, because the plaintiffs only asked for garden variety emotional distress damages, and because the plaintiffs had already admitted to prescription drug and alcohol use on the day of the incident. *Id.* at *6-7. However, the plaintiffs acknowledged "that medical records related to their alleged injuries, including records of pre-existing conditions, are relevant and should be produced." *Id.* at *6. Similarly here, the court agrees that Mr. Ivanov has not waived his psychotherapist-patient privilege by virtue of his garden variety emotional distress damages claim, but Defendants are entitled to Mr. Ivanov's medical and/or mental health records to the extent those records contain information about his hearing-impairment or any undisclosed disability. The EEOC has placed those records at issue here by virtue of the substance of its ADA claims on Mr. Ivanov's behalf.

[3] The court also notes that the length of the EEOC's motion for reconsideration violated the court's Local Rules. *See* Local Rules W.D. Wash. LCR 7(e)(1) ("Motions noted under LCR7(d)(1) . . . shall not exceed six pages."); *see also id.*, LCR 7(d)(1) (referring to motions noted for the same day as filing); *id.*, LCR 7(h)(1) (stating that motions for reconsideration "shall be noted for consideration for the day it is filed."). The court cautions counsel for the EEOC to familiarize themselves with the court's Local Rules and warns counsel that future violations of the court's Local Rules may result in sanctions.